UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZELMA PALMER-WILLIAMS,

                      Plaintiff,

      - against -                              No. 14-CV-9260 (CS)

                                                **OPINION & ORDER**

UNITED STATES,

                      Defendant.

---

Appearances:

Merryl F. Weiner
Meagher & Meagher, P.C.
White Plains, New York
*Counsel for Plaintiff*

Carina H. Schoenberger
Assistant United States Attorney
New York, New York
*Counsel for Defendant*

Seibel, J.

      Before the Court is Defendant's Motion to Dismiss, (Doc. 15), which, for the reasons discussed below, is converted to a motion for summary judgment, and GRANTED.

**I.**      **Background**

      The factual allegations set forth in Plaintiff's complaint (although not the conclusions) are accepted as true for the purposes of this Motion and construed in the light most favorable to

Plaintiff.  Plaintiff Zelma Palmer-Williams received treatment from March 2012 through March 2013 at the Mount Vernon Neighborhood Health Center, Inc. ("Mount Vernon").  (Complaint ("Compl."), (Doc. 1), ¶ 21.)  Mount Vernon is a health center owned and operated by the United States.  (*Id.* ¶¶ 5-6.)  Toward the end of her treatment, on or about March 29, 2013, Palmer-Williams was diagnosed with a spinal tumor.  (*Id.* ¶ 26.)

Plaintiff now claims that Mount Vernon provided negligent treatment by failing to timely diagnose her spinal tumor and by failing to recognize and address signs and symptoms consistent with that condition.  (*Id.* ¶ 31.)  Further, she alleges that as a result of this improper medical care, she sustained severe and permanent injuries.  (*Id.* ¶ 32.)  As a second claim, Plaintiff asserts that Defendant failed to obtain informed consent regarding the medical treatment provided.  (*Id.* ¶ 36.)

Pursuant to the Federal Tort Claims Act ("FTCA"), Plaintiff filed an initial claim on April 8, 2014 using a Standard Form 95 ("SF 95.")  (*Id.* ¶ 27; *id.* at 8.)  In the section for "Amount of Claim (in dollars)," Plaintiff wrote "None" in Box 12a, labeled "Property Damage"; "$8,000,000.00" in Box 12b, labeled "Personal Injury"; and "N/A" in Box 12c, labeled "Wrongful Death."  (*Id.* at 8.)  In Box 12d, labeled "TOTAL (Failure to specify may cause forfeiture of your rights)," Plaintiff wrote nothing.  (*Id.*)  The Department of Health and Human Services ("HHS") denied Plaintiff's claim by letter dated May 15, 2014, (*id.* ¶ 28; *id.* at 13), addressed to her counsel, stating, in relevant part:

> **Under the FTCA, a "sum certain" (exact dollar amount) must be stated for damages in order for the claim to be considered valid (28 U.S.C. 2675(b); 45 CFR Part 35.2).  In addition, under 28 U.S.C. 2401(b), a claim shall be forever barred unless it is filed with the appropriate Federal agency within 2 years from the date such claim accrues.**
>
> This letter constitutes the **notice of final determination** of this claim, as required by 28 U.S.C. §§ 2401(b), 2675(a).  **Your client's administrative tort claim is**

2

> **denied**. If your client is dissatisfied with this determination, she is entitled to file a written request with the agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9) with an amended SF-95 that sets forth a valid "sum certain."
>
> In the event your client requests reconsideration, the agency will review the claim within six months from the date the request is received. **If the reconsidered claim is denied, your client may file suit within six months from the date of mailing of the final determination**.

(*Id.* at 13-14) (second, third and fourth emphases added).

Plaintiff filed a written request for agency reconsideration, (*id.* ¶ 29, *id.* at 15-17), which was received by Defendant on November 24, 2014.[1] Concurrently, Plaintiff filed the complaint in this case on November 20, 2014. By letter dated December 2, 2014,[2] HHS "acknowledge[d] receipt of [Plaintiff's] claim" and sought additional information, including medical records. (Plaintiff Opp. Mem. Ex. 3.)[3]

Defendant contends that Plaintiff's complaint is now time-barred because she began this action "more than six months after the May 15, 2014 final denial of her administrative claim." (Defendant Mem. 2.)[4] It further argues that even though equitable tolling is available under the FTCA, Plaintiff has not demonstrated that she is entitled to that remedy. (*Id.* at 3.) Relatedly,

---

[1] The envelope that contained the request for reconsideration bore $5.80 in postage from a postage meter; the meter stamp is dated November 10. It also bore three additional stamps. (Declaration of Carina H. Schoenberger in Support of Defendant's Motion to Dismiss ("Schoenberger Decl."), (Doc. 17), Ex. A.) The Postal Service certified mail tracking confirmation for the envelope shows that it first arrived at a USPS facility on November 20 at 8:20 p.m., and arrived at its destination on November 24 at 11:36 a.m. (*Id.* Ex. B.)

[2] Although the Court questions why Defendant requested additional medical information from Plaintiff, given that it understood Plaintiff's appeal to be untimely, the back-and-forth between Plaintiff and Defendant following her November 24, 2014 submission has no effect on the Court's timeliness analysis because it could not have affected Plaintiff's understanding of her obligations before that date.

[3] "Plaintiff Opp. Mem." refers to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss. (Doc. 18.) As Plaintiff's counsel must have known, the documents she attaches to her Memorandum in Opposition should have been properly authenticated via an affidavit or declaration. Nonetheless, the Court will consider these documents because Defendant does not dispute their authenticity.

[4] "Defendant Mem." refers to Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint. (Doc. 16.)

3

Defendant contends that Plaintiff's request for agency reconsideration by HHS is similarly untimely, given that it was not filed until after the allowable six-month period had passed.  (*Id.* at 4.)  In response, Plaintiff argues that the May 15, 2014 letter failed to include language required by 28 C.F.R. § 14.9(a) – that "if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification" – and that therefore the deadline for filing suit in U.S. District Court was not clearly specified.  (Plaintiff Opp. Mem. 6-7.)  With respect to her request for reconsideration, Plaintiff submits that it should be deemed timely due to mishandling by the United States Postal Service.  (*Id.* at 10-11.)  Finally, Plaintiff argues that in the alternative, the initial SF 95 claim form filed on April 8, 2014 was in fact a "nullity" because Plaintiff filed to specify a sum certain, (*see id.* at 4-6), meaning that she has not failed to meet any timeliness requirements.

On June 19, 2015, Defendant filed the present motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. 15.)

## II.     Legal Standards

### A.   Treating Defendant's Motion to Dismiss as Motion for Summary Judgment

When Plaintiff filed her Complaint, the statute of limitations under the FTCA was generally considered jurisdictional,[5] *see Garland-Sash v. Lewis*, 348 F. App'x 639, 642-43 (2d Cir. 2009) (collecting cases), and accordingly Defendant moved to dismiss, in part, under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  But the U.S. Supreme Court recently ruled that time limitations under the FTCA are nonjurisdictional and therefore subject to equitable tolling.  *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625,

---

[5] Before the Supreme Court's recent ruling in *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, discussed below, this Circuit had "sometimes hinted" that equitable tolling might be appropriate under the FTCA, but had declined to directly resolve this question.  *Gov't Emps. Ins. Co. v. United States*, No. 13-CV-4063, 2014 WL 582164, at *3 (E.D.N.Y. Feb. 14, 2014) (internal quotation marks omitted).

1633 (2015). Therefore, this issue must be considered under Rule 12(b)(6) rather than under Rule 12(b)(1). *See Foster v. Fed. Emergency Mgmt. Agency*, No. 14-CV-1750, 2015 WL 5430370, at *1 n.1 (E.D.N.Y. Sept. 15, 2015); *see also Torres v. United States*, 612 F. App'x 37, 40-41 (2d Cir. 2015) (failure to meet FTCA statute of limitations, post-*Kwai Fun Wong*, requires dismissal on substantive, not jurisdictional, grounds).

When a motion is made under Rule 12(b)(6) and matters outside the pleadings are presented to and not excluded by the Court, as is the case here, the motion to dismiss must be converted to a summary judgment motion under Rule 56. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). "[W]hen a court reviews statements extraneous to a complaint," ordinarily it must provide notice "so that the party against whom the motion to dismiss is made may respond." *Id.* at 48; *see also* Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). But here both parties were on notice that Defendant had moved to dismiss for lack of subject matter jurisdiction, which permits a court to "examine evidence outside of the pleadings to make this determination," *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008), *rev'd en banc on other grounds*, 585 F.3d 559 (2d Cir. 2009), both parties provided such evidence, and both parties explicitly acknowledged that this evidence could be considered, (*see* Defendant Mem. 2 n.1; Plaintiff's Opp. Mem. 4.) Both were also aware of the Supreme Court's holding in *Kwai Fun Wong*, (*see* Plaintiff's Opp. Mem. 11-12; Defendant Reply Mem. 2),[6] and that the statute of limitations under the FTCA was now nonjurisdictional and subject to equitable tolling. Finally, neither party objected to the submission of materials outside of the pleadings or argued that they

---

[6] "Defendant Reply Mem." refers to Reply Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint. (Doc. 19.)

are unreliable. *See Egleston v. Valspar Corp.*, No. 15-CV-4130, 2015 WL 6508329, at *5 (S.D.N.Y. Oct. 13, 2015) (finding that no express notice was required under these circumstances). Given that both parties submitted material outside of the pleadings in support of their positions, and both apparently intended the Court to consider those materials, the Court concludes that neither party is prejudiced by the failure to provide express notice. *See Slayton v. Marist Coll.*, No. 83-CV-7130, 1984 WL 923, at *1 n.2 (S.D.N.Y. Sept. 28, 1984); *see also Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (Parties "cannot complain of lack of a reasonable opportunity to present all material relevant to a motion for summary judgment when both parties have filed exhibits, affidavits, [and other materials] in support of and in opposition to a motion to dismiss") (internal quotation marks omitted); *Egleston*, 2015 WL 6508329, at *5 ("Formal notice was not required . . . where the parties had submitted a variety of affidavits and exhibits that were outside of the pleadings . . . .") (internal quotation marks omitted).

Conversion of a motion to dismiss to a motion for summary judgment is appropriate where the issues at hand are discrete and dispositive. *See Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 165-66 (S.D.N.Y. 2006) (reasoning that issues that are discrete and dispositive, such as plaintiff's standing, are "ripe for summary judgment") (collecting cases). Here Defendant challenges the timeliness of Plaintiff's request for reconsideration and suit in U.S. District Court, which is a dispositive issue because failure to meet the statute of limitations will result in a dismissal, as well as a discrete one. Indeed, courts in this district have found conversion suitable when addressing a motion to dismiss on statute of limitations grounds. *See, e.g.*, *Smith v. Sebelius*, No. 10-CV-6356, 2011 WL 7427733, at *4 (S.D.N.Y. Dec. 28, 2011) (noting that Rule 56 may be "an appropriate vehicle" to resolve a statute of limitations defense), *report and recommendation adopted*, No. 10-CV-6356, 2012 WL

627237 (S.D.N.Y Feb. 27, 2012); *Leung v. Newman*, No. 95-CV-3859, 1996 WL 267963, at *1 (S.D.N.Y. May 20, 1996) (conversion into motion for summary judgment was appropriate where defendants moved to dismiss on statute of limitations grounds, as well as *res judicata*). I therefore treat Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted as a motion for summary judgment pursuant to Rule 56.

B. Motion for Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "There is no genuine issue of material fact where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Fabrikant v. French,* 691 F.3d 193, 205 (2d Cir. 2012) (citation omitted). On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant to present "evidence sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252. Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and he "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks omitted). Ultimately,

the relevant test for summary judgment "is whether the evidence can reasonably support a verdict in plaintiff's favor." *James v. N.Y. Racing Ass'n,* 233 F.3d 149, 157 (2d Cir. 2000).

### III.   Discussion

   A.   Validity of SF 95 Claim Form

The Court must first consider whether the SF 95 claim form filed on April 8, 2014 was, as Plaintiff contends, a "nullity." (Plaintiff Opp. Mem. 4.) Plaintiff asserts that under 28 U.S.C. § 2401(b), a formal claim has not been filed until the individual submits a "claim for money damages in a sum certain for injury to or loss of property . . . .," *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 190 (2d Cir. 1999), and that failure to comply with this sum certain requirement results in the case being treated "as if no administrative claim had ever been filed," *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 271 (10th Cir. 1991) (quoting *Caidin v. United States*, 564 F.2d 284, 287 (9th Cir. 1977)). In support, Plaintiff cites to cases outside the Second Circuit, such as *Avril v. United States*, where the Ninth Circuit established that the term "claim" requires more than "mere notice of an accident and an injury" – namely, a "demand for payment or relief." 461 F.2d 1090, 1091 (9th Cir. 1972). Similarly, Plaintiff cites to *Bradley*, where the Tenth Circuit emphasized that in order to be deemed valid, a claim must provide an agency with sufficient notice and information regarding the desired sum. *See* 951 F.2d at 271 (finding that Plaintiff's valuation of his claim as "in excess of $100,000.00" was not sufficient to satisfy the sum certain requirement).

Within this Circuit, courts have adopted a pragmatic approach when evaluating the completeness of purported SF 95 claim forms. "[A] Notice of Claim filed pursuant to the FTCA must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth." *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) (*per*

8

*curiam*); *Tamares v. United States*, No. 07-CV-688, 2009 WL 691002, at *4 (S.D.N.Y. Mar. 17, 2009) (deeming SF 95 claim form valid where it claimed injury to plaintiff's person and vehicle and made a damages claim in the amount of $257,500). More generally, it "must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims." *Romulus*, 160 F.3d at 132. Cases cited by Defendant exhibit similar reasoning. *See Jama v. United States I.N.S.*, 22 F. Supp. 2d 353, 367 (D.N.J. 1998) ("The requirement of a sum certain claim, however, does not amount to an endorsement of any particular mode of presentation. . . A claim may be sufficient if a total amount is 'directly inferable' from information presented.") (quoting *Leaty v. United States*, 748 F. Supp. 268, 269 n.1 (D.N.J. 1990).

Despite Plaintiff's best efforts to now render her own filed SF 95 claim form invalid,[7] the the April 8, 2014 form was in fact valid and not a "nullity." Plaintiff included a sum certain – $8,000,000 for personal injury – but simply neglected to re-enter that number in the "TOTAL" box. This distinguishes her case from those cited by Plaintiff, in which the plaintiff nowhere indicated a specific dollar figure. Although Plaintiff failed to add up the separate amounts for property, personal injury, and wrongful death damages, her form is unambiguous, as it requests $8,000,000.00 in personal injury damages, "None" in property damages, and "N/A" for wrongful death. (*See* Compl. at 8.) Plaintiff's claim provided sufficient information to permit HHS to conduct its investigation and review. *See Romulus*, 160 F.3d at 132; *see also Jama*, 22 F. Supp. 2d at 368 (finding that plaintiffs' claims provided valid sums certain when they specified property losses but no other alleged harms). This conclusion comports with the cases Plaintiff

---

[7] Plaintiff's current assertion that her SF 95 claim form was a nullity conflicts with her November 24, 2014 letter to HHS, which evidences her understanding that she was "request[ing] . . . reconsideration of the [April] claim," rather than submitting an entirely new claim for HHS's initial review. (Compl. at 15.)

9

cites as well.  In *Caton v. United States*, for instance, the Ninth Circuit looked to the language of 28 U.S.C. § 2675(b), which states that an action shall not be instituted for any sum "in excess of the amount of the claim presented to the federal agency . . . ."  The Court concluded that "without the inclusion of 'a sum certain' in the claim to the agency, the above provisions of 28 U.S.C. § 2675(b) would be meaningless."  495 F.2d 635, 638 (9th Cir. 1974).  But here Plaintiff's form provided information specifying the desired sum.  *See Bradley*, 951 F.2d at 271 (rejecting "in excess of $100,000.00" as a qualified sum certain); *Farr v. United States*, 580 F. Supp. 1194, 1196 (E.D. Pa. 1984) (holding that claim for "less than $50,000.00" was "too ambiguous" for agency's review).  It was thus not a "nullity."

More fundamentally, none of those cases cited by Plaintiff addressed the issue here.  They all dealt with the FTCA's requirement that the administrative claim be filed within two years of the accrual of the cause of action, *see* 28 U.S.C. § 2401(b), and found dismissal proper where the only claim submitted within that time frame was defective for failure to state a sum certain.  None of them said anything about a defective claim being a "nullity" for purposes of the requirement that a lawsuit be filed within six months of a notice of final determination.

Although a plaintiff has two years from the date when the claim accrues to file the claim, that two-year "claim presentation period . . . terminate[s]" once the filed claim is "finally denied."  *Baker v. United States*, No. 12-CV-494, 2013 WL 3745880, at *7 (D.N.J. July 15, 2013).  In *Baker*, the claims that Plaintiffs initially filed lacked a sum certain, and once denied, "the two year claim presentation period was terminated and they were left with the statutory six month period to file a claim in district court or to seek reconsideration."  *Id.*  Importantly, the *Baker* court distinguished purported claim forms that are returned without review and consideration from those that are "finally denied."  *Id.*  In the latter circumstance, "[t]he language

10

and the logic of the FTCA requires a finding that the Plaintiffs are not permitted to start over after filing suit on administrative claims that were finally denied by filing 'amended' claims once the statutory [six-month] window has closed." *Id.*  Here, as in *Baker*, HHS did not summarily return Plaintiff's form, but rather made clear that the May 15, 2014 letter constituted "notice of final determination" and that Plaintiff's "administrative tort claim [was] denied."  (Compl. at 13.) As in *Baker*, Plaintiff's choices were to file suit or to seek reconsideration within six months.[8]

Because I conclude that the April 8, 2014 SF 95 was a valid claim form finally denied by HHS, I will now examine the timeliness of Plaintiff's request for reconsideration and complaint in U.S. District Court.

    B.  Timeliness Under the FTCA

Defendant argues that Plaintiff "failed to file her Complaint within the six-month time period allowed by the FTCA following denial of her administrative claim, depriving this Court of jurisdiction over her case."  (Defendant Mem. 1.)  In response, Plaintiff does not dispute that her November 20, 2014 complaint was filed more than six months after the issuance of the May 15, 2014 letter from HHS, but contends that that letter did not clearly articulate the relevant deadline that would trigger the six-month time period.  (*See* Plaintiff Opp. Mem. 6-7.)

It is well-established, as Defendant notes, and as Plaintiff does not dispute, that the FTCA provides that

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

---

[8] Were Plaintiff's theory correct, those who filed proper claims that were rejected by the agency would be required, pursuant to 28 U.S.C. § 2401(b), to file a lawsuit within six months of the agency's final denial, but those who filed defective claims could disregard that statutory requirement.  That cannot be the law.

28 U.S.C. § 2401(b).  The burden of establishing an affirmative defense based on a statute of limitations is on the defendant.  *Renaldi v. Mfrs. & Traders Trust Co.*, 954 F. Supp. 614, 616 (W.D.N.Y. 1997).

Relatedly, 28 C.F.R. § 14.9(a) explains that if a claimant is dissatisfied with the agency action, he may file suit in U.S. District Court "not later than 6 months after the date of mailing of the notification."  Alternatively, prior to commencing suit and prior to the expiration of the aforementioned 6-month period, a claimant may file a written request with the agency for reconsideration of a final denial of claim.  *Id.* § 14.9(b).  Therefore, as Defendant notes, a plaintiff would ordinarily have six months as of the date of denial to either file a written request for reconsideration or file suit in federal court.  (Defendant Reply Mem. 1.)  A "timely filing of a request for reconsideration" extends the time to file suit such that the six-month period to file begins to run "6 months after the filing of [the] request for reconsideration."  28 C.F.R. § 14.9(b); *see Solomon v. United States*, 566 F. Supp. 1033, 1035 (E.D.N.Y. 1982) (noting that after a claimant files a timely request for reconsideration, an agency has six months to make a disposition of the claim, and the six-month period in which to file suit "begins to run only after six months from the date of the request for reconsideration.").

        1.   <u>Timeliness of Request for Agency Reconsideration</u>

The May 15, 2014 letter from HHS made clear, in relevant part, that it constituted the "**notice of final determination** of this claim" and that Plaintiff's "administrative tort claim [was] denied."  (Compl. at 13) (emphasis added).  It noted that Plaintiff was entitled to file a written request for reconsideration of the final determination within six months, (*id.*), but the record is clear that HHS did not receive Plaintiff's request until November 24, 2014.  (*See* Schoenberger Decl. Ex. B.)

12

Plaintiff argues that "[o]n November 10, 2014, [she] timely presented a new, valid Form 95/request for reconsideration . . . ."  (Plaintiff Opp. Mem. 1.)  But the operative date for determining whether a claimant has satisfied the statute of limitations is the date on which an agency receives a complaint – here, November 24, 2014 – not when it was mailed.  *See Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994) ("[A] request for reconsideration is not presented to an agency until it is received by the agency.  Mailing of a request for reconsideration is insufficient to satisfy the presentment requirement.") (citation omitted); *Tade v. United States*, 68 F. App'x 39, 39 (9th Cir. 2003) ("Although [plaintiff] asserts that she mailed the [initial] form [before the statute of limitations expired], simply mailing a claim within the statutory time period is insufficient . . . ."); *Mora v. United States*, 955 F.2d 156, 160 (2d Cir. 1992) (presentment of claim form, which is prerequisite to filing suit under the FTCA, is valid only when agency receives submission); *Anderberg v. United States*, 718 F.2d 976, 977 (10th Cir. 1983) (receipt of request for reconsideration, not mailing, is required to fulfill timing requirements under 28 C.F.R. § 14.9(b)); *Beatty v. United States*, No. 11-CV-170, 2011 WL 5395431, at *2 (S.D. Ind. Nov. 7, 2011) (timely filed request for reconsideration must be received within six-month time period, not simply mailed); *Dark v. United States*, No. 91-CV-1438, 1991 WL 147544, at *3 (E.D. Pa. July 26, 1991) (FTCA and relevant provision of Code of Federal Regulations "equate[] filing a reconsideration request with its receipt in the appropriate office"), *aff'd,* 961 F.2d 1566 (3d Cir. 1992); *Stewart v. U.S. Veterans Admin.*, 722 F. Supp. 406, 408 (W.D. Tenn. 1989) (rejecting request for reconsideration that was postmarked within relevant six-month period because it was not received by agency before six months expired); *see also* 28 C.F.R. § 14.2(a) (FTCA claim deemed presented when received by agency).

Plaintiff then argues that the delay is attributable to the United States Postal Service, suggesting that "[s]uch occurrences cannot be explained by the mailer" and that "[t]his failure should not be placed upon Claimant's shoulders." (Plaintiff Opp. Mem. 11.)[9] The Supreme Court recently clarified that equitable tolling is available under the FTCA. *See Kwai Fun Wong*, 135 S. Ct. at 1633. When determining whether equitable tolling is applicable, a district court must consider whether the purported plaintiff (1) "has acted with reasonable diligence during the time period she seeks to have tolled" and (2) "has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotation marks omitted). The first test, relating to the litigant's reasonable diligence, limits this remedy to those "who have not contributed to the delay." *Kassman v. KPMG LLP*, No. 11-CV-3743, 2015 WL 5178400, at *4 (S.D.N.Y. Sept. 4, 2015). The second factor "stems from the fact that equitable tolling undermines to some extent the interests served by statutes of limitations," and as a result equitable tolling is "considered a drastic remedy applicable only in rare and exceptional circumstances." *Id.* (quoting *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011)). The burden of establishing entitlement to equitable tolling is on the plaintiff. *See Holland v. Florida*, 560 U.S. 631, 655 (2010).

---

[9] There is no evidence that the request for reconsideration was mailed on the date reflected on the postage meter mark. Plaintiff has not submitted a declaration, affirmation or affidavit on the subject. While Plaintiff's counsel said in her memorandum of law that "Your Affirmant cannot explain the discrepancy having placed the Form 95 in the mailbox on November 10, 2015," (Plaintiff Opp. Mem. 10), this statement is: a) not sworn or affirmed, and therefore not evidence, *see Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence."); and b) puzzling, given that certified mail is customarily sent from the Post Office, rather than dropped in a mailbox. The only evidence in the record is the tracking information indicating that the letter was received by the post office in White Plains (where counsel's office is located) on the evening of November 20. (*See* Schoenberger Decl. Ex. B). Nevertheless, as discussed above, it does not matter whether the mailing from White Plains occurred on November 10 or November 20, because the relevant date is the date the request for reconsideration was received by HHS.

The Second Circuit has made clear that "delay[s] occasioned by the normal course of the mail, as lengthened by a regularly scheduled holiday" do not constitute extraordinary circumstances for purposes of equitable tolling. *Saunders v. Senkowski*, 587 F.3d 543, 550 (2d Cir. 2009). It was Plaintiff's obligation to ensure that the request for reconsideration arrived at HHS within the relevant deadline, and by mailing the request on November 10, Plaintiff failed to leave sufficient time for delivery.[10] Furthermore, an attorney's negligence does not ordinarily warrant equitable tolling. *See Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001).

Indeed, equitable tolling is less appropriate for a claimant represented by counsel, *see Hannah v. Wal-Mart Stores, Inc.* 969 F. Supp. 2d 229, 234-35 (D. Conn. 2013); *see also Bass v. Bair*, 514 F. Supp. 2d 96, 100 (D.D.C. 2007) ("[W]hether [counsel] was or was not aware of [the rule], he should have been."), and where the governing regulations are cited in the letter sent by the agency, *see Slootskin v. John Brown Eng'g & Constr., Inc.*, No. 03-CV-2016, 2006 WL 516748, at *4 (D. Conn. Mar. 1, 2006) (rejecting equitable tolling because "[i]f [plaintiff's counsel] was not already aware of the statutory limitation period . . . [he] could have checked the statutory language upon receipt of the [agency's] letter, and could have filed a federal complaint to preserve her claims").

In the instant circumstances, the Court finds that Plaintiff failed to act with reasonable diligence by waiting until November 10 to mail the request. Plaintiff herself urges the Court to "recognize that the United States Postal Service has from time to time lost mail [or has] delivered mail that had been mailed weeks, or even months earlier." (Plaintiff Opp. Mem. 10-11.) If

---

[10] The six-month window closed on November 15, 2014, which was a Saturday. Thus, as a practical matter, the letter had to arrive at HHS's offices in Washington, D.C. by Friday, November 14. Tuesday, November 11, was a national holiday. Thus, mailing the letter on November 10 was simply cutting it too close. Indeed, given that the exercise involved filling in one new box on the SF 95 and drafting a one-sentence cover letter, (Compl. at 15-17), it is hard to understand why the request for reconsideration was not sent during the five-plus months before the eve of the expiration of the six-month period. It is also not clear why overnight service was not utilized.

15

Plaintiff had exercised such caution at the outset, her request for reconsideration may not have fallen outside the six-month time period. Accordingly, the Court finds no basis for equitable tolling in this circumstance.

Accordingly, Plaintiff did not file a timely request for reconsideration, and therefore is ineligible for the "re-set" of her time to sue that would have been afforded under 28 C.F.R. § 14.9(b) had her request been timely.

### 2. Timeliness of Complaint in U.S. District Court

With respect to the timeliness of the instant complaint, the May 15, 2014 letter also indicated the following:

> In the event your client requests reconsideration, the agency will review the claim within six months from the date the request is received. **If the reconsidered claim is denied, your client may file suit within six months from the date of mailing of the final determination**.

(Compl. at 14) (emphasis added).

Defendant's position is that the May 15, 2014 letter constituted the "final denial" contemplated by 28 U.S.C. § 2401(b), and as such the relevant deadline for Plaintiff to file suit was therefore November 15, 2014. (Defendant Mem. 2.) The letter from HHS, however, is ambiguous; it is not clear whether the reference to "the final determination" means the May 15, 2014 letter itself, or a final determination on the request for reconsideration. The letter at least suggests that Plaintiff would only be entitled to file suit within six months of a decision by HHS on her request for reconsideration, and (contrary to law) that forgoing agency reconsideration and filing suit by November 15, 2014 was not an option.

Courts in this Circuit have found that the remedy of equitable tolling would apply to situations where the plaintiff "was unaware of his or her cause of action due to misleading conduct of the defendant," *Lamb v. Potter*, No. 08-CV-477, 2008 WL 3539945, at *2 (S.D.N.Y.

16

Aug. 12, 2008) (quoting *Zerilli-Edelglass*, 333 F.3d at 80), and Defendant itself concedes that "being misled by the defendant" is a basis for tolling under the FTCA. (Defendant Reply Mem. 2.)[11] Nonetheless, even in these circumstances, the standard is "a tough one" and applies only in "extreme" situations. *Torres v. Barnhart*, 417 F.3d 276, 283 (2d Cir. 2005) (reiterating that equitable tolling due to misconduct is appropriate where government "has hindered a claimant's attempts to exercise [its] rights by acting in a misleading or clandestine way") (internal quotation marks omitted).

Here Defendant's May 15, 2014 letter was misleading, but not in a way that hindered or obstructed Plaintiff's ability to exercise her right to seek reconsideration or her right to file suit. It suggested that Plaintiff could file suit within six months of denial of the reconsidered claim, but only if she filed a timely request for reconsideration within six months from when the May 15, 2014 letter was mailed. (Compl. at 13.) Plaintiff failed to do so. In other words, nothing in the letter suggested that Plaintiff could do nothing at all – neither sue nor seek reconsideration – in the six-month window. Accordingly, it was not Defendant's misleading letter, but rather Plaintiff's inaction, that hindered her ability to exercise her rights. Furthermore, Plaintiff's counsel should have recognized the timeliness requirements articulated in 28 U.S.C. § 2401(b) and in 28 C.F.R. § 14.9(a) – which make clear that a dissatisfied claimant must either pursue agency reconsideration or file suit in U.S. District Court within six months "after the date of mailing of the notification" – particularly because Defendant's letter plainly cited these provisions. (*Id.*)

---

[11] As noted above, however, the equities in a plaintiff's favor are considerably reduced where she is represented by a lawyer who is presumed to know the law, or at least to be capable of examining the statutes and regulations cited in a letter.

The Court is also unpersuaded by Plaintiff's argument that the omission of certain magic words – namely, the instruction that Plaintiff had six months to file suit, *see* 28 C.F.R. § 14.9(a) – meant that the letter did not constitute a notice of final denial and was therefore a nullity. (*See* Plaintiff Opp. Mem. 7.)  In the two cases Plaintiff cites for this proposition, both turned not on the failure to mention the plaintiff's right to sue, but on the failure to specify that the letters represented a final decision.  *See Dyniewicz v. United States*, 742 F.2d 484, 486 (9th Cir. 1984) ("The letter sent to appellants in this case did not include an explicit statement that it constituted the final administrative denial of appellants' claim."); *Wycoff v. United States*, No. 10-CV-1035, 2012 WL 254707, at *3 (M.D. Fla. Jan. 27, 2012) ("Though the letter informs [plaintiffs] that they should file their claim in the district court within six months of receiving 'notice of final denial of [their] claim,' nowhere does it state that this letter is the 'notice' from which the limitations period will run.") (second alteration in original).  Here, because HHS made clear that this letter "constitute[d] the notice of final determination . . . .," (Compl. at 13.), Plaintiff had no such excuse for failing to recognize that the six-month clock had begun to run.  Plaintiff's memorandum of law also neglects to mention that the Ninth Circuit in *Dyniewicz* reasoned that the letter's citation to Section 2401(b) fulfilled the function of the language specified in 28 C.F.R. § 14.9(a), and that therefore the claimant was sufficiently on notice that he needed to file suit within six months of the notice of denial, despite the lack of reference to Section 14.9.  742 F.2d at 486.  Accordingly, HHS's omission of certain required language, while puzzling,[12] is insufficient to void the notice.

---

[12] The Court finds it mind-boggling that a lawyer for HHS would both fail to include statutorily required language and fail to recognize that the language he did use was misleading.  Neither side should be proud of the lawyering at the administrative level in this case.  The Court further hopes that the U.S. Attorney's Office has brought this needless snafu to the attention of responsible attorneys at HHS so that they may ensure that the situation does not recur.

Although troubling, Defendant's actions do not excuse Plaintiff's failure to follow the instructions articulated in the May 15, 2014 letter and set forth in the statute and regulations. As Defendant argues, the letter "served as a clear landmark starting the six-month clock for seeking further relief." (Defendant Reply Mem. 8). Under these circumstances, the Court finds that equitable tolling with respect to Plaintiff's complaint is therefore inappropriate, and the claim is time-barred.

## IV.     Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is treated as a motion for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, and the Motion is GRANTED. The Clerk of the Court is respectfully directed to terminate the pending motion, (Doc. 15), and close the case.[13]

**SO ORDERED.**

Dated: February 18, 2016
       White Plains, New York

_____
                    CATHY SEIBEL, U.S.D.J.

---

[13] Plaintiff's counsel is ordered to provide a copy of this opinion and order to Plaintiff.